United States Department of Justice
Civil Rights Division/Voting Section
Room 7254-NWB
950 Pennsylvania Ave, N.W.
Washington, D.C. 20530
BIG-3388
LLO-2500

RECEIVED
WILLIAM T. WALSH, CLERK

2004 APR 19  P 3: 22

UNITED STATES
DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION No. 99-2544(JCL) |
| | ) |
| PASSAIC CITY, NEW JERSEY, et al. | ) Judge John C. Lifland |
| | ) Judge William G. Bassler |
| | ) Judge Maryanne Trump Barry |
| | ) |
| and | ) |
| | ) |
| | ) |
| PASSAIC COUNTY, NEW JERSEY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

### STIPULATION

The United States, Passaic County, and the defendants (hereinafter "the County"), agree through their undersigned counsel to the following Stipulation as the predicate for the continued designation of Passaic County for federal examiner coverage pursuant to Sections 3(a) and 6 of the Voting Rights Act.

1.   The County has been subject to the bilingual election requirements of Section 203 with respect to persons of Spanish heritage since 1984. 49 Fed. Reg. 25887 (June 25, 1984); 57 Fed. Reg. 43,213 (Sep. 18, 1992); 67 Fed. Reg. 48,871 (July 26, 2002). On June 2, 1999, the

United States filed a complaint in the United States District Court for the District of New Jersey, pursuant to Sections 2, 3(a), 11(a), 12(d), 203, 204, and 208 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973, 42 U.S.C. 1973a(a), 42 U.S.C.1973i(a), 42 U.S.C. 1973j(d), 42 U.S.C. 1973aa-1a, 42 U.S.C. 1973aa-2, 42 U.S.C. 1973aa-6, 28 U.S.C. 2201, and the Fourteenth and Fifteenth Amendments to the United States Constitution. In its Complaint, the United States alleged five independent claims arising from Passaic City's and Passaic County's election practices and procedures as they affected Hispanic citizens of the City and County, including those Hispanic voting age citizens who are "unable to speak or understand English adequately enough to participate in the election process," 42 U.S.C. 1973aa-1a.

2. On June 2, 1999, the parties entered into a consent decree ("Consent Decree") that was intended to resolve all of the United States' claims without further proceedings. The Consent Decree included provisions for: (1) the recruitment of Hispanic and bilingual board workers; (2) the availability of bilingual election materials and notices; (3) voter assistance; (4) and the publication of Spanish language materials. The Consent Decree contained specific provisions with respect to Spanish election districts in five municipalities: Passaic City, Paterson, Prospect Park, Haledon and Clifton. On July 12, 1999, a three-judge Court entered an Order, inter alia, certifying Passaic County for federal examiners pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a). The Consent Decree provided that the designation of a federal examiner in Passaic County would be extended either upon agreement of the parties or by court order, and that such Order would issue if the court determines either that Defendants are not in compliance with the Consent Decree or that there is evidence of the denial or abridgment of any rights of Hispanic or Spanish-speaking voters under the Voting Rights Act or the Fourteenth or Fifteenth Amendments to the United States Constitution.

3. Pursuant to the Consent Decree, the United States has assigned voting section personnel and federal observers to monitor Passaic County elections to assist with the assessment of Passaic County's compliance with the consent decree and Section 203 of the Voting Rights Act. Since entry of the Consent Decree on July 12, 1999, federal observers monitored seventeen elections in Passaic County, and four additional county elections were monitored by Department of Justice attorneys. The Department of Justice has provided copies of the observer reports to the Court and to counsel for the Defendants, and when necessary have brought concerns to the attention of County and State officials on election day and after review of the observer reports. The presence of federal observers has been an important means of documenting the problems and successes of the County's Section 203 compliance efforts.

4. A review of the federal observer reports indicates that Passaic County has made significant progress in its compliance with Section 203 of the Voting Rights Act. For example, the Defendants made substantial efforts to comply with the consent decree's following requirements: (1) recruitment of bilingual and Hispanic Board Workers; (2) training of board workers on the rights of blind or physically disabled voters and voters who are not able to read and write to have assistance in the voting booth by a person of their choice; (3) publishing bilingual materials and notices; (4) development of and continued improvement of a master board worker program for the county. The State of New Jersey has been instrumental in assisting the Passaic County Board of Elections and the Passaic County Superintendent of Elections in reaching their compliance goals.

5. The parties agree that Passaic County currently has achieved compliance with Section 203 of the Voting Rights Act. The parties recognize, however, that county and city election officials were required to overcome very serious problems of compliance with Section

203 and the Consent Decree, and that they must continue to contend with election-day problems that could result in the denial or abridgment of the rights of Hispanic and Spanish-speaking voters under the Voting Rights Act or the Fourteenth or Fifteenth Amendments to the United States Constitution if they are not promptly detected and resolved. The parties agree that federal observers are of material assistance in detecting, correcting and preventing the following types of election-day problems that limit the ability of Spanish-language citizens to effectively participate in the election process: i) Spanish election districts that open with an inadequate number of bilingual poll workers or without translated written materials; ii) board workers and/or master board workers who do not follow the bilingual procedures set forth in the training provided by election officials; iii) hostile and/or differential treatment of Hispanic voters, bilingual board workers, and translators.

6. The parties agree to the entry of an order by this Court extending Section 23 of the 1999 consent decree authorizing a federal examiner pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. 1973a (a), through December 31, 2005. Passaic County recognizes the authority of the federal observers to observe all aspects of the voting process conducted in the polls on election day, including the provision by the County of assistance to voters in the voting booth provided that the voter does not object to being observed. The United States does not seek to extend any other provision of the 1999 Consent Decree. The parties agree that Passaic City is not a necessary party to this stipulation or subsequent order therefor.

7. The Court shall retain jurisdiction to ensure compliance with any Order entered pursuant to this Stipulation.

Entered this ___ day of _____, 2004.

| For Plaintiff: | For Defendants: |
|---|---|
| UNITED STATES OF AMERICA | COUNTY BOARD OF ELECTIONS<br>COUNTY SUPERINTENDENT |

For Plaintiff:

UNITED STATES OF AMERICA

CHRISTOPHER J. CHRISTIE
United States Attorney

MICHAEL A. CHAGARES
Assistant United States Attorney

R. ALEXANDER ACOSTA
Assistant Attorney General

JOSEPH D. RICH
Robert A. Kengle
Bruce I. Gear
Luz Lopez-Ortiz
Attorneys, Voting Section
Civil Rights Division
Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue
Washington, D.C. 20530
202-307-6262

For Defendants:

COUNTY BOARD OF ELECTIONS
COUNTY SUPERINTENDENT

DONNA KELLY
Senior Deputy Attorney General
Department of Law and Public Safety
25 West Market Street
P.O. Box 112
Trenton, NJ 08625-0112

PASSAIC COUNTY
PASSAIC COUNTY CLERK

WILLIAM PASCRELL, III
County Counsel
Admin. Building, Room 214
401 Grand Street
Patterson, NJ 07505

## JUDGMENT AND ORDER

This three-judge Court finds that it has jurisdiction under 28 U.S.C. § 1331 to consider the parties stipulated agreement to the extension of time on paragraph 23 of the consent decree in United States v. Passaic County et al., C.A. No. 99-2544 (NHP) (D.N.J. June 2, 1999). Having considered the consent decree and the stipulations set forth above, which are agreed upon by all parties, this Court Orders the defendants to comply with the Fourteenth and Fifteenth Amendments to the U.S. Constitution and Section 203 of the voting Rights Act, and the Court further ORDERS the relief set forth in Paragraph six (6) above.

Entered and Ordered this 12th Day of April, 2004.

_____
United States Judge

_____
United States Judge

_____
United States Judge